UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON DC

| | |
|---|---|
| FOLARIN AWOFALA<br>9434 Washington Boulevard<br>Lanham, Maryland 20706<br><br>Plaintiff<br><br>v.<br><br>Monroe J. Carell, Jr.<br>Central Parking Systems<br>1225 I Street, N.W.<br>Washington, DC 20012<br><br>Defendant. | CASE NUMBER  1:06CV02100<br>JUDGE: Ricardo M. Urbina<br>DECK TYPE: General Civil<br>DATE STAMP: 12/11/2006<br><br>Jury Trial Demanded |

JURY ACTION

COMPLAINT

(Race/Color Discrimination; National Origin Discrimination; Equal Pay and
Compensation Discrimination and Non Selection Discrimination in Employment)

INTRODUCTION

1.   Folarin Awofala brings this civil action pursuant to the Civil Rights Act of 1964 as amended, 42 USC. Section 2000e, ("Title VII"); the Civil Rights Act of 1866, as amended 42 U.S.C. §1981 ("Section 1981"); and District of Columbia Common Law.  Mr. Awofala asserts that because of his race (African), color (black), national origin (Nigerian) he was dismissed from his position as a valet.  Plaintiff also asserts that Defendant underpaid him, misused him as compared to American employees whom he trained, who were later selected to higher positions over him.  Plaintiff further asserts that Defendant and its managers continually threatened and harassed him and called him derogatory names including "black monkey from Africa" "nigger" and "black face".

1

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U S C Section 1331. This action is authorized and instituted pursuant to Section 706(f) of Title VII, 42 U.S.C. § 200e-5(f); and 42 U.S.C. § 1981 as amended. Mr. Awofala timely files this complaint after exhausting his administrative remedies at the Equal Employment Opportunity Commission ("EEOC"). pursuant to EEOC regulations at 29 C.F.R. Section 1614.

## VENUE

3. Venue is proper in this judicial district because Plaintiff was employed by Central Parking Systems, Inc. in Washington, D.C., and all events that give rise to the claim in this Complaint took place in this jurisdiction.

## PARTIES

4. Mr. Awofala is a resident of Maryland, and a native of Nigeria . At all times relevant to the complaint the plaintiff was employed by Central Parking Systems, Inc.

5. Defendant Central Parking Systems, Inc (hereinafter "CPS") is a District of Columbia Corporation, with offices all over the United States and Europe. Monroe J. Carell, Jr. its Chief executive Officer is responsible for its personnel actions and practices.

## STATEMENT OF FACTS

6. Plaintiff is by experience and training a VIP Valet, having worked for Defendant for more than seven (7) years at the prestigious Mayflower Hotel in Washington, D.C. Defendant has issued Plaintiff several Awards and Commendations for excellent job performance over the years of employment

7. Defendant has threatened to dismiss Plaintiff from employment on other

occasions for purely racial reasons, but did not carry out the threat because of the intervention of the Union.

8. On or about August 2004, Mr. Adenekan Defendants Assistant Manager requested a key from Plaintiff. When he advised him that he had given ti key to him (Adenekan), Defendant's Manager Brian Rettinger, intervened.

9. Mr. Rettinger berated Plaintiff and called him a "Black African Monkey", stupid, an idiot with no brains. Plaintiff reported and filed a complaint of this racial abuse to Mr. Salomon and the Union.

10. Plaintiff was suspended indefinitely from work by Mr. Rettinger. Plaintiff was reinstated by after the intervention of Mr. Salomon.

11. On Sunday August 07, 2005 Plaintiff parked a car in a designated area. Isaac another employee told Plaintiff to remove the car so that he could park there. Plaintiff went in to get the keys to remove the car, but Mr. Dewa the Lead Attendant, confronted Plaintiff told him he was cheap and stupid. Plaintiff called his Manager Mr. Shimelis Akalu to report the abuse by Mr. Dewa and left him a message. Mr. Akalu did not return the call nor investigate the incident.

12. On August 12, 2005 Mr. Shimelis Akalu suspended Plaintiff for three days without pay, claiming Plaintiff violated company rules.

13. Defendant also denied Plaintiff's right to his accrued vacation.

14. On August 16, 2005 Mr. Akalu Plaintiff received a letter from Mr. Akalu terminating his employment with Defendant.

15. In 2003, Plaintiff applied for promotion to manager on two occasions, and this was denied by Defendant because of Plaintiff's race and color.

16. In 2004 and 2005 Defendant denied Plaintiff right to annual vacation and denied

3

Plaintiff's pay because of his race, color and national origin.

17. Due to Defendant's continuos race/color discrimination; national origin discrimination; equal pay and compensation discrimination and non selection discrimination in employment against Plaintiff, plaintiff filed a complaint with the EEOC.

## STATEMENT OF CLAIM

18. The plaintiff was subjected to intentional and willful discrimination because of his Race/Color; National Origin; when he was called disparaging racial names, denied promotion and eventually terminated from employment on August 16, 2005, in total disregard to defendant's employee policy requirements. The defendant engaged in unlawful employment practices in violation of Title VII.

19. The plaintiff was subjected to intentional and willful discrimination because of Defendants threats, harassment and derogatory racial name calling.

20. The plaintiff was subjected to intentional and willful discrimination because Defendant paid him less wages than other counterparts and denied Plaintiff's vacation pay.

21. Plaintiff suffered economic losses, lost pay benefits, lost career benefits and opportunities, emotional distress, and. personal and professional humilation because of Defendant's unlawful discrimination practices.

## FIRST CAUSE OF ACTION
## TITLE VII - FAILURE TO PROMOTE

22. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 21 above as though fully set forth herein.

23. Plaintiff is a member of a protected class, Black, African.

24. Plaintiff possesses all of the qualifications and skills necessary to be promoted to

the position of Manager in 2005.

25. Plaintiff was better qualified than other individuals who were promoted.

26. Plaintiff applied to be promoted but was not because of his race and national origin.

27. Defendants' failure to promote Plaintiff was an act of discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a).

28. Defendant's failure to promote plaintiff was willful and malicious and was done with reckless indifference to plaintiff's right to employment opportunities unfettered by racial discrimination guaranteed to him by Title VII, 42 U.S.C. § 2000e-2(a).

## SECOND CAUSE OF ACTION
## TITLE VII - RETALIATION

29. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30. Also in 2004 after plaintiff filed his charge of discrimination against Defendant before the Union, defendant escalated its deliberate retaliatory actions; including harassment, intimidation, threat of disciplinary action and warnings, threat of termination, downgraded performance evaluation, and eventually terminated Plaintiff from employment in 2005.

31. All of these actions by defendant were willful and malicious and taken in direct and knowing violation of Title VII, 42 U.S.C. § 2000e-2(a)

## THIRD CAUSE OF ACTION
## SECTION 1981 - FAILURE TO PROMOTE

32. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff is a member of a protected class, Black, African, and a Nigerian native.

34. Plaintiff possesses all of the qualifications and skills necessary to be promoted to

5

the position of Manager in 2005.

35. Plaintiff was better qualified than the individuals who were promoted.

36. Plaintiff applied to be promoted but was not because of his race and national origin.

37. Defendant's failure to promote plaintiff was an act of discrimination in violation of Section 1981.

38. Defendant's failure to promote plaintiff was willful and malicious and was done with reckless indifference to plaintiffs's rights to employment opportunities unfettered by racial discrimination guaranteed to him by Section 1981.

## FOURTH CAUSE OF ACTION
## SECTION 1981 - RETALIATION

39. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 38 above as though fully set forth herein.

40. Also in 2004 after plaintiff filed his charge of discrimination against Defendant before the Union, defendant escalated its deliberate retaliatory actions; including harassment, intimidation, threat of disciplinary action and warnings, threat of termination, downgraded performance evaluation, and eventually terminated Plaintiff from employment in 2005.

41. All of these actions by defendant were willful and malicious and taken in direct and knowing violation of the rights guaranteed by Section 1981.

### Prayer for Relief

Wherefore, plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on the above claims and provide him with the following relief:

1. enter a finding that Defendant discriminated against Plaintiff when he was not promoted in 2004 and 2005 for the Manager position on the bases of race, and national

origin in violation of Title VII of the Civil Rights Act of 1964, as amended; and Section 1981.

2. enter a finding that defendant discriminated against Plaintiff when Defendant's white Manager called Plaintiff Black African Monkey, and other racial names

3. enter a finding that Defendant discriminated against Plaintiff when he was not paid equal wages with his colleagues in similar positions and denied his annual vacation and pay in violation of Title VII of the Civil Rights Act of 1964, as amended; and Section 1981.

4. enter a finding that Defendant's discrimination against Plaintiff was intentional and willful

5. order Defendant to provide Plaintiff with full back pay at the Manager level (including awards, bonuses, pay raises and increases, 401(k) plan contributions and all other requisite benefits) with interest;

6. award Plaintiff liquidated damages in amount equal to the total award of back pay;

7. order defendant to correct plaintiff's official personnel file and any and all CPS records to reflect the retroactive promotion and back pay award;

8. enjoin Defendant from discriminating or retaliating against Plaintiff and other blacks and African's in the future;

9. award Plaintiff the cost of bringing and maintaining this civil action and the administrative charge that preceded it, including reasonable attorneys' fees; and

10. award Plaintiff such other and further relief as the Court deems just and proper.

11. award Plaintiff punitive damages of One Million ($1,000,000) Dollars.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal rules of Civil Procedure, plaintiff demands a trial by jury on all claims.

Respectfully submitted,

_____
Rev. Uduak James Ubom, Esq, DC #449102
Ubom Law Group, PLLC
7600 Georgia Ave. NW., Suite 411
Washington, DC 20012
Tel. (202) 723-8900
Fax (202) 723-5790
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 8, 2006, I caused a true and accurate copy of the forgoing Complaint to be served, by First Class United States Postal Mail, Postage prepaid to: Monroe J. Carell, Jr., Central Parking Systems, 1225 I Street, N.W, Washington, DC 20012.

_____
Rev. Uduak James Ubom, Esq.

JS-44
(Rev.1/05 DC)

## I.(a) PLAINTIFFS

Folarin Awofala
9434 Washington Blv., Lanham, MD 20706

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Monroe J. Carell, Jr. Central Parking Systems
1225 I Street, NW, Washington, DC 20005

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Washington, DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES...

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Rev. Uduak James Ubom, Esq.
7600 Georgia Avenue, NW, Suite 410
Washington, DC 20012
(202) 723-8900

CASE NUMBER  1:06CV02100
JUDGE: Ricardo M. Urbina
DECK TYPE: General Civil
DATE STAMP: 12/11/2006

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other)       OR       ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊗ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII Civil Rights Act.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 1,000,000   Check YES only if demanded in compla   JURY DEMAND:   YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/08/2006   SIGNATURE OF ATTORNEY OF RECORD [signature]
12/11/06

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.