UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FOLARIN AWOFALA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CENTRAL PARKING SYSTEMS, INC.,**<br>**MONROE J. CARELL, JR.,**<br><br>**Defendant.** | **Case No. 1:06-cv-02100-RMU** |

## DEFENDANTS' MOTION TO DISMISS

Prospective Defendant Central Parking System of Virgina, Inc., incorrectly named as Central Parking Systems, Inc., and Defendant Monroe J. Carell, Jr., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7 of the Local Rules of this Court, hereby move for an Order dismissing the corporate defendant as named and dismissing the claims against Monroe J. Carell, Jr. from the Complaint filed on December 11, 2006.

Plaintiff's claims against Mr. Carell alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., should be dismissed because Title VII claims cannot be brought against individuals. Plaintiff also fails to allege a causal connection between Mr. Carell and the alleged discriminatory and retaliatory conduct, as is required to maintain an action against an individual under 42 U.S.C. § 1981. Therefore, these claims too should be dismissed.

In support of their Motion, Defendants submit the accompanying Memorandum of Points and Authorities and a Proposed Order.

Dated: February 20, 2007

                                    /s/
Joseph P. Harkins (D.C. Bar No. 394902)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400 Telephone
202.842.0011 Facsimile

Attorney for Prospective Defendant
Central Parking System of Virginia, Inc. and
Monroe J. Carell, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2007, a copy of Defendants' Motion to Dismiss, accompanying Memorandum of Points and Authorities in Support thereof and Proposed Order, were served, electronically, via ECF filing, upon:

>Rev. Uduak James Ubom, Esquire
>Ubom Law Group, PLLC
>7600 Georgia Avenue, N.W.
>Suite 410
>Washington, DC  20012
>
>Counsel for Plaintiff Folarin Awofala

/s/
Joseph P. Harkins

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FOLARIN AWOFALA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CENTRAL PARKING SYSTEMS, INC.,**<br>**MONROE J. CARELL, JR.,**<br><br>**Defendant.** | Case No. 1:06-cv-02100-RMU |

**DEFENDANTS' MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

Prospective Defendant Central Parking System of Virginia, Inc., incorrectly named as Central Parking Systems Inc., and Monroe J. Carell, Jr., pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 7 of the Local Rules of this Court, respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Complaint of Plaintiff Folarin Awofala ("Mr. Awofala").

## I.  INTRODUCTION

This case arises from Mr. Awofala's employment and termination from employment with Central Parking System of Virginia, Inc. Plaintiff purports to state claims against Central Parking Systems, Inc. and Monroe J. Carell, Jr. for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and 42 U.S.C. § 1981 (Section 1981). However, Central Parking Systems, Inc. as such is not a legal entity. Central Parking System of Virginia, Inc. is the corporate entity that employed Mr. Awofala. Central Parking

Systems, Inc. should be dismissed.

Mr. Awofala's claims against Mr. Carell under Title VII are legally insufficient because individuals cannot be held liable under Title VII.  For this reason, they should be dismissed. Claims against an individual under Section 1981 are available in limited circumstances, but only if the individual was directly responsible for the alleged discriminatory or retaliatory acts. Nowhere in Plaintiff's statement of facts or causes of action does he claim that Mr. Carell played a direct part in the alleged employment actions.  His claims against Mr. Carell under Section 1981, therefore, also should be dismissed.

## II.     STATEMENT OF FACTS[1]

Mr. Awofala was employed by Central Parking System of Virginia, Inc. in Washington, D.C. as a valet  (see Complaint, ¶ 6).  Mr. Awofala was terminated in 2005 (Complaint, ¶ 30). Mr. Awofala alleges that the company failed to promote him to the position of manager in 2003 (Complaint, ¶ 15), that he filed a charge of discrimination with the union against the company in 2004 (Complaint, ¶ 30), and that the company unlawfully retaliated against him and terminated him in 2005 (Complaint, ¶30).

## III.    ARGUMENT

**A.     Legal Standards For Determination Of Defendants' Motion.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may file, as a defense to a complaint, a motion asserting that the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Courts grant such a motion when it appears that a plaintiff cannot prove any facts that entitle him to the relief sought in the complaint.  Rochon v.

---

[1] Defendant accepts as true the facts as alleged in Plaintiff's Complaint solely for purposes of this Motion and for no other purpose.

Gonzales, 438 F.3d 1211 (D.C. Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Bobreski v. U.S. Environmental Protection Agency, 284 F. Supp. 2d 67, 72 (D.D.C. 2003). This is the case here as to a legal non-entity that did not employ Plaintiff and as to Mr. Carell for the claims alleged.

**B.    Plaintiff's Title VII and Section 1981 Claims Against Central Parking Systems, Inc. Should Be Dismissed Because It Is Not A Legal Entity.**

Central Parking Systems, Inc. should be dismissed from the Complaint. Title VII provides a right of action against an employer. Title VII's definition of employer is "a person engaged in industry affecting commerce who has fifteen or more employees..." and the statute defines a person to include corporations and other legal entities. 42 U.S.C. 2000e(a)-(b). Central Parking Systems, Inc. is a non-entity that does not engage in industry and therefore is not an employer under Title VII's definition.

Section 1981 protects the right of persons under the jurisdiction of the United States to make and enforce contracts and provides a right of action against those who deprive persons of such rights. 42 U.S.C. § 1981. As a non-entity, Central Parking Systems, Inc. has performed no such action.

Accordingly, Central Parking Systems, Inc. should be dismissed from the Complaint, and Plaintiff's employer, Central Parking System of Virginia, Inc., substituted.

**C.    Plaintiff's Title VII Claims Against Mr. Carell Should Be Dismissed Because Such Claims Cannot Be Brought Against Individuals.**

Plaintiff may not bring a Title VII claim against Mr. Carell because Title VII does not permit claims against individual defendants as a matter of law. The D.C. Circuit has held that individuals are not personally liable under Title VII. Gary v. Long, 59 F.3d 1391 (D.C. Cir. 1995). Accordingly, courts routinely dismiss individuals from Title VII lawsuits. see Bowers v.

Janey, 2006 U.S. Dist. LEXIS 45951, 5-7 (D.D.C. 2006).  Therefore, the Title VII claims in the complaint (Counts I and II) against Mr. Carell should be dismissed.

**D.      Plaintiff's Section 1981 Claims Against Mr. Carell Should Be Dismissed Because There Is No Causal Connection Between Mr. Carell and the Employment Actions.**

Plaintiff's Complaint fails to allege any connection between Mr. Carell and the employment actions.  Although individuals may be personally liable when they intentionally infringe on rights protected by Section 1981, "the individuals must have been 'personally involved in the discrimination' by having 'directly participated' in the alleged discriminatory acts." Richard v. Bell Atlantic, 946 F.Supp. 54, 58 (D.D.C. 1996) (quoting Al-Khazraji v. Saint Francis College, 784 F.2d 505, 518 (3rd Cir. 1986)); Weaver v. Gross 605 F.Supp. 210 (D.D.C 1985).  see also Abderrahim Tnaib v. Document Techs., LLC, 450 F. Supp. 2d 87, 93 (D.D.C. 2006).  Plaintiff's Complaint alleges no such connection to Mr. Carell and in fact makes no reference to Mr. Carell other than that he is the CEO of the company.  As such, he was not in any way involved in employment decisions with respect to Mr. Awofala.  Because Plaintiff has not and cannot provide a basis for Mr. Carrell to remain in this lawsuit, the Section 1981 claims against him (Counts III and IV) should be dismissed.

### IV.     CONCLUSION

For the foregoing reasons, Prospective Defendant and Defendant respectfully request that the Court grant their Motion, substituting Central Parking System of Virginia, Inc. for Central Parking Systems, Inc., and dismissing Monroe J. Carell, Jr. from the Complaint.

Dated:  February 20, 2007

                /s/
Joseph P. Harkins (D.C. Bar No. 394902)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400  Telephone
202.842.0011  Facsimile

Attorney for Prospective Defendant
Central Parking System of Virginia, Inc. and
Monroe J. Carell, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOLARIN AWOFALA,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTRAL PARKING SYSTEMS, INC.,<br>MONROE J. CARELL, JR.,<br><br>    Defendant. | Case No. 1:06-cv-02100-RMU |

**PROPOSED ORDER**

Upon consideration of Defendants' Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, any Opposition and Reply, and the entire record herein, it is hereby

ORDERED that Defendants' Motion is GRANTED, and Counts I, II, III and IV of the Complaint against Monroe J. Carell, Jr. and Central Parking Systems, Inc. are hereby DISMISSED, and Central Parking System of Virginia, Inc. is SUBSTITUTED as the sole defendant in this action.

Dated: _____

                                                                Ricardo M. Urbina
                                                                United States District Judge