UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FOLARIN AWOFALA,**

       **Plaintiff,**

  **v.**

**CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.,**

       **Defendant.**

**Case No. 1:06-cv-02100-RMU**

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Central Parking System of Virginia, Inc., hereby submits its Answer and Affirmative Defenses in response to Plaintiff Folarin Awofala's Complaint and in accordance with the Court's Memorandum and Order changing the name of the corporate defendant and dismissing the individual defendant.

**INTRODUCTION**

Answering the Complaint by correspondingly numbered paragraphs, Defendant states as follows:

1.      Defendant acknowledges that Plaintiff brings this civil action under 42 U.S.C Section 2000e (Title VII) and the Civil Rights Act of 1866 as amended, 42 U.S.C Section 1981 (Section 1981), but denies that District of Columbia Common Law is independently involved in the claims. Defendant acknowledges that Plaintiff seeks redress for dismissal, underpayment, non-promotion, and harassment due to race, but denies that he is entitled to such redress or that

Defendant committed any unlawful acts of discrimination.  Defendant denies the remaining allegations contained in paragraph 1.

## JURISDICTION

2.      The allegations concerning jurisdiction, timeliness, and exhaustion constitute legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations.

## VENUE

3.      Defendant admits that Plaintiff was employed by Central Parking System of Virginia, Inc.  The allegations concerning venue constitute legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies the allegations.

## PARTIES

4.      Upon information and belief, Defendant admits sentence 1 of paragraph four. Defendant also admits that Plaintiff was employed by Central Parking System of Virginia, Inc. Otherwise, Defendant denies the allegations contained in paragraph 4.

5.      Defendant admits that Central Parking System of Virginia, Inc. is incorporated in the District of Columbia.  Defendant denies the remaining allegations contained in Paragraph 5.

## STATEMENT OF FACTS

6.      Defendant admits that Plaintiff was assigned by Defendant to work at the Mayflower Hotel in Washington and that it is a prestigious hotel.  Defendant admits that Plaintiff received certain awards when it was appropriate.  Otherwise, Defendant denies the allegations contained in paragraph 6.

7.      Defendant denies the allegations contained in  paragraph 7.

8.      Defendant denies the allegations contained in paragraph 8.

9.      Defendant denies the allegations contained in paragraph 9.

10.     Defendant admits that Plaintiff was suspended for a period of time and then reinstated.  Otherwise, Defendant denies the allegations contained in paragraph 10.

11.     Defendant denies the allegation contained in paragraph 11.

12.     Defendant admits that it suspended Plaintiff for three days, without pay, for violating company rules.  Otherwise, Defendant denies the allegations contained in paragraph 12.

13.     Defendant denies the allegations contained in paragraph 13.

14.     Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received the letter terminating his employment with Defendant and therefore denies the allegations contained in paragraph 14.

15.     Defendant denies the allegations contained in paragraph 15.

16.     Defendant denies the allegations contained in paragraph 16.

17.     Defendant denies the allegations contained in paragraph 17.

## STATEMENT OF CLAIM

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant denies the allegations contained in paragraph 19.

20.     Defendant denies the allegations contained in paragraph 20.

21.     Defendant denies the allegations contained in paragraph 21.

## FIRST CAUSE OF ACTION – TITLE VII – FAILURE TO PROMOTE

22.     Defendant repeats and incorporates its responses to each allegation contained in paragraphs 1 through 21 above.

23.     Defendant admits that Plaintiff is a member of a protected class, Black, African.  Otherwise, Defendant denies the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24.

25.    Defendant denies the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

27.    Defendant denies the allegations contained in paragraph 27.

28.    Defendant denies the allegations contained in paragraph 28.

## SECOND CAUSE OF ACTION – TITLE VII – RETALIATION

29.    Defendant repeats and incorporates its responses to each allegation contained in paragraphs 1 through 28 above.

30.    Defendant denies the allegations contained in paragraph 30.

31.    Defendant denies the allegations contained in paragraph 31.

## THIRD CAUSE OF ACTION – SECTION 1981 – FAILURE TO PROMOTE

32.    Defendant repeats and incorporates its responses to each allegation contained in paragraphs 1 through 31 above.

33.    Defendant admits that Plaintiff is a member of a protected class, Black, African, and, upon information and belief, a native of Nigeria.  Otherwise, Defendant denies the allegations contained in paragraph 33.

34.    Defendant denies the allegations contained in paragraph 34.

35.    Defendant denies the allegations contained in paragraph 35.

36.    Defendant denies the allegations contained in paragraph 36.

37.    Defendant denies the allegations contained in paragraph 37.

38.    Defendant denies the allegations contained in paragraph 38.

## FOURTH CAUSE OF ACTION – SECTION 1981 – RETALIATION

39.    Defendant repeats and incorporates its responses to each allegation contained in

paragraphs 1 through 38 above.

40.    Defendant denies the allegations contained in paragraph 40.

41.    Defendant denies the allegations contained in paragraph 41.

## PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to the relief set forth in his prayer for relief or any relief whatsoever.

## DEMAND FOR A JURY TRIAL

Defendant acknowledges that Plaintiff requests a jury trial, but denies the Plaintiff is entitled to one.

Defendant denies each and every allegation set forth in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Mr. Awofala's allegations of discriminatory and/or retaliatory conduct fail to state any claims upon which this Court may grant relief.

### SECOND DEFENSE

The employment decisions about which Mr. Awofala complains were based on legitimate business reasons, and not discriminatory animus.

### THIRD DEFENSE

The employment decisions about which Mr. Awofala complains were based on legitimate business reasons, and not retaliatory animus.

### FOURTH DEFENSE

All actions taken by Defendant with respect to Mr. Awofala were lawful, proper,

reasonable and appropriate.

## FIFTH DEFENSE

Mr. Awofala's claims are barred on the ground that, even if any decision or action concerning him was based, in part, on discriminatory animus, Defendant would have reached the same decision or action absent any alleged discrimination.

## SIXTH DEFENSE

Mr. Awofala's claims are barred on the ground that, even if any decision or action concerning him was based in part on retaliatory animus, Defendant would have reached the same decision or action absent any alleged retaliation.

## SEVENTH DEFENSE

The alleged adverse actions are not materially adverse because they would not have dissuaded a reasonable employee from making or supporting a charge of discrimination.

## EIGHTH DEFENSE

Mr. Awofala's Complaint fails because Defendant exercised reasonable care to prevent and correct promptly any purported discriminatory or retaliatory behavior alleged by Mr. Awofala, and Mr. Awofala unreasonably failed to take advantage of the preventive and corrective opportunities provided by his employer or to otherwise avoid harm.

## NINTH DEFENSE

Assuming, *arguendo,* that any employee of Defendant Central Parking System of Virginia, Inc. engaged in any unlawful conduct toward Mr. Awofala, such conduct was contrary to Defendant's express policies and was beyond the scope of the individual's employment and therefore cannot be attributed to Defendant Central Parking System of Virginia, Inc.

## TENTH DEFENSE

Mr. Awofala's claims may be barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and after-acquired evidence.

## ELEVENTH DEFENSE

Mr. Awofala's claims for damages are barred, in whole or in part, because he failed to reasonably mitigate his damages.

## TWELFTH DEFENSE

Defendant is not liable for punitive damages because it did not commit any knowing, wanton, intentional or malicious acts against Mr. Awofala, nor did it authorize or ratify such acts by any of its employees or agents.

## THIRTEENTH DEFENSE

Defendant is not liable for punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII, Section 1981, and related laws.

## FOURTEENTH DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination; and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff may not obtain any relief for such incidents of alleged discrimination under Title VII.

## FIFTEENTH DEFENSE

To the extent that Plaintiff has failed to exhaust his administrative, statutory, or contractual remedies, his respective claims for relief are barred.

## SIXTEENTH DEFENSE

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statutes of limitations, his respective claims for relief are barred.

## SEVENTEENTH DEFENSE

Plaintiff's damages are limited by the statutory cap imposed by 42 U.S.C. §1981a(b), to the extent it is applicable.

## EIGHTEENTH DEFENSE

Because discovery has not been completed at this stage of the case, Defendant reserves the right to assert additional defenses, as appropriate.

WHEREFORE, Defendant Central Parking System, Inc., prays for judgment against Plaintiff Awofala as follows:

1.      For an Order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant and against Plaintiff.

2.      For all costs, disbursements, and reasonable attorneys' fees incurred by Defendant in connection with the defense of this matter; and

3.      For any other such relief as the Court in the exercise of its discretion deems just and proper.

Dated:  July 17, 2007                           Respectfully submitted,

                                                _____/s/_____
                                                Joseph P. Harkins
                                                LITTLER MENDELSON, P.C.
                                                1150 17th Street N.W.
                                                Suite 900
                                                Washington, DC  20036
                                                202.842.3400
                                                Counsel for Defendant, Central Parking
                                                System of Virginia, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of July, 2007, a true and accurate copy of Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, were served, electronically, via ECF filing, upon:

Rev. Uduak James Ubom, Esquire
Ubom Law Group, PLLC
7600 Georgia Avenue, N.W.
Suite 410
Washington, DC  20012

Counsel for Plaintiff Folarin Awofala

_____/s/_____
Joseph P. Harkins